# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-884V
Filed: June 3, 2026

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
                                                *
                                                *
ERIC SIMMONS,                                   *
                                                *
                    Petitioner,                 *
                                                *
                                                *
v.                                              *
                                                *
SECRETARY OF HEALTH AND                         *
HUMAN SERVICES,                                 *
                                                *
                    Respondent.                 *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Christina Ciampolillo*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On July 21, 2020, Eric Simmons ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") caused by the human papillomavirus ("HPV") and meningococcal vaccines he received on July 31, 2017. *Id*. at 1; ECF No. 79 ("Proffer") at 1. On November 19, 2025, I issued a Ruling on Entitlement finding Petitioner was entitled to compensation. ECF No. 69.

Respondent filed a Proffer on June 3, 2026. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner agrees with the proffered award. Proffer at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award Petitioner:

A lump sum of **$131,682.28**, which amount represents pain and suffering ($130,000.00), and past unreimbursed expenses ($1,682.28), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

Proffer at 2. These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| ERIC SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-88V4 |
| v. | ) | Special Master Shah |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

On July 21, 2020, Eric Simmons filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he developed Guillain-Barré syndrome ("GBS") as a result of the meningococcal and human papillomavirus ("HPV") vaccines he received on July 31, 2017. Petition at 1.

On January 14, 2021, respondent filed his Rule 4(c) Report recommending against compensation. ECF No. 23. The parties subsequently filed briefs on the issue of entitlement. ECF Nos. 61, 64. On November 19, 2025, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation.[2] ECF No. 69.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's November 19, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

## I.     **Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$130,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$1,682.28**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$131,682.28** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Eric Simmons.

> Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ Emilie F. Williams*
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 305-0124
E-mail: emilie.williams@usdoj.gov

Date: June 3, 2026

<u>CERTIFICATE OF SERVICE</u>

I certify that today, June 3, 2026, a copy of the foregoing pleading was served by electronic mail to Ronald Homer at rhomer@ccandh.com and Christina Ciampolillo at cciampolillo@ccandh.com.

/s/*Emilie F. Williams*
Emilie F. Williams
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station Washington,
D.C. 20044-0146
Direct dial: (202) 305-0124
Email: emilie.williams@usdoj.gov